IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS | § § § | |
| PLAINTIFF | § § | |
| VS. | § § | CAUSE NO.: 4:21-cv-308 |
| DENTON RUDDELL PROPERTIES, LP | § § | |
| DEFENDANT | § | |

**STATE FARM LLOYDS' COMPLAINT FOR DECLARATORY AND OTHER RELIEF**

Comes now State Farm Lloyds ("State Farm" or "State Farm Lloyds") complaining of Denton Ruddell Properties, LP ("Ruddell") and files this, its Complaint for Declaratory and Other Relief and in support thereof would respectfully show unto this Honorable Court as follows:

**NATURE OF THE CASE**

1.   This Complaint is brought pursuant to 28 U.S.C. § 2201 and seeks a declaration of the parties' rights and obligations under the insurance contract at issue herein.  This dispute is between State Farm, the insurer on the commercial property policy involved in this lawsuit, and Ruddell, the Insured, who violated the Policy by interfering in the appraisal process when it sought appointment of an umpire without capacity or standing to do so.  Ruddell's counsel invoked the jurisdiction of the 158th Judicial District Court in Denton County, Texas in seeking to enforce the Policy and make this umpire appointment without proper notice to State Farm and depriving State Farm of its due process right to be heard. By denying State Farm due process, Ruddell sought to bias the tribunal *ex parte* with its hand-picked list of friendly umpires and denied State Farm the ability to challenge this request, including challenging Ruddell's complete lack of standing to seek

such appointment. Amongst other declarations, State Farm seeks a declaration from this Court that the appointment of the umpire by the Denton County court is void *ab initio*.

## PARTIES

2. State Farm Lloyds is an insurance company. It is not incorporated or organized in and does not have its principal place of business in the State of Texas. State Farm Lloyds is a citizen of Illinois. Its principal place of business is in Illinois. State Farm Lloyds is a "Lloyds Plan" as that term is defined under Chapter 941 of the Texas Insurance Code. As a Lloyds Plan insurer, State Farm Lloyds has a designated attorney-in-fact as provided under Texas law. State Farm Lloyds, Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, is the agent of State Farm Lloyds. State Farm Lloyds consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, citizens of Illinois for diversity purposes.[1]

3. Defendant Denton Ruddell Properties, LP ("Ruddell") is a Texas limited partnership and a citizen of Seguin County, Texas, with its principal location in Seguin, Texas. Ruddell may be served through its registered agent, Brandon L. Baker, 261 Windwood Circle, Seguin, Texas 78155.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is based upon the diversity of citizenship under 28 U.S.C. § 1332, as Plaintiff is a citizen of Illinois and Defendant is a Texas limited partnership. As a result, there is complete diversity of citizenship.

5. Further, the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Based on the Request for Appointment of Umpire Ruddell filed in Denton

---

[1] *See Royal Ins. Co. of Am. V. Quinn-L Capital Corp.*, 3. F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

County ("Request for Appointment"), Ruddell seeks "major repair and/or replacement" of the roof covering the Property at issue and/or other building structures.[2] The size of the roof is 13,625 square feet. Based on information and believe, replacement of the TPO membrane roofing alone likely exceeds $150,000, before consideration of other alleged physical damage to the building and/or other structures on the Property, attorneys' fees, and interest. Therefore, the amount-in-controversy exceeds $75,000.

6. Venue is proper in the United States District Court for the Eastern District of Texas, Sherman Division, because a substantial part of the events giving rise to the claim occurred in this district.

## INTRODUCTION

7. This suit involves an appraisal wherein Ruddell and its counsel improperly hijacked the appraisal process by obtaining appointment of an umpire without capacity or standing to do so, in violation of the express terms of the Policy's appraisal provision, and without due process of law. Ruddell has destroyed the impartiality of the appraisal process, acted in contravention to legal ethics related to *ex parte* proceedings, and has breached the terms of the Policy. Ruddell's actions, intended to rig the appraisal process in its favor, waived its right to appraisal and any award issued pursuant to its demand for appraisal is tainted, biased, and made in violation of the Policy terms and conditions, and is unenforceable.

---

[2] Cause No. 21-1122-158, *In Re Policy of Insurance No. 93-E1-N185-3 by and between State Farm Lloyds Insurance Company, Insurer and Ruddell Properties, L.P., Insured* filed at the Request of Ruddell Properties, L.P. on February 10, 2021, in the 158th Judicial District Court of Denton County, Texas.

## FACTUAL BACKGROUND

**Claim and Appraisal Demand**

8. Denton Ruddell Properties, LP owns a commercial property located at 1125 E University Dr, Denton, Texas 76209-2156 (the "Property"). State Farm issued Policy No. 93-E1-N185 to Ruddell Properties, LP as the named Insured and insuring the Property in accordance with the terms, conditions, exclusions, and limitations therein, for the policy period February 3, 2020 to February 3, 2021. A copy of the Policy is attached hereto and incorporated herein by reference as Exhibit A.

9. The Policy provides a $1,475,000 Limit of Insurance for the Building only, with a Wind or Hail Percentage Deductible of 2% of the Limits of Insurance.

10. On June 8, 2020, Ruddell submitted a claim to State Farm for damage to the Property from wind and hail allegedly occurring on or about May 24, 2020.

11. State Farm investigated the claim and inspected the Property on June 27, 2020. State Farm discovered no hail damage to the flat roof membrane at the Property, but did find hail damage to roof vent caps, a/c fins, and cap flashing on the main building and hail damage to a shed at the Property and estimated replacement cost value repairs of these items totaling $9,377.21. On June 29, 2020, State Farm advised Ruddell that estimated repairs for damage to the Property were less than the Policy deductible and no payment would be made at that time for the claim.

12. On February 22, 2021, State Farm learned for the first time that, unbeknownst to it, Ruddell had attempted to invoke appraisal on the loss and appointed as its appraiser Sam Rogers. Instead of sending the letter invoking appraisal to the claims handler responsible for Ruddell's claim, who had been corresponding with Ruddell, Ruddell sent the letter to a post office box in Richardson, Texas and did not direct the letter to anyone's attention at State Farm. Nevertheless,

State Farm has not received the letter from Ruddell seeking to invoke appraisal. According to the tracking services provided by the United States Postal Service, the letter invoking appraisal is still in transit and has not been delivered to State Farm.[3] Based on information and belief, it appears that, for some reason, there was a redirect of the letter due to COVID-19 and it was never delivered to State Farm.

13.     Between attempting to invoke appraisal by letter dated August 7, 2020 and the mailing of the Request for Appointment to the Richardson PO Box and a Dallas PO Box by Ruddell's counsel dated February 10, 2021, Ruddell did not make any efforts to contact State Farm Lloyds regarding its attempt to invoke appraisal or with respect to any alleged disagreement regarding the amount of loss. Ruddell has not provided an estimate of damages, expressed to State Farm the basis of its disagreement, nor provided the amount of damages it believes resulted from wind and hail claimed to have occurred on May 24, 2020.

**Improper Request for Appointment of Umpire by Policyholder**

14.     Unbeknownst to State Farm, on February 10, 2021, before State Farm was even aware of Ruddell's demand for appraisal, Ruddell, by and through its counsel Christopher Lyster of Puls Haney Lyster, PLLC and Todd M. Hurd of Todd Hurd & Associates, filed its Request for Appointment.[4] Again, despite being in possession of the identity and contact information of the claims handler at State Farm handling the claim, copies of the Request for Appointment were purportedly mailed to State Farm to two different post office boxes, without being directed to the attention of any person at State Farm. Additionally, citation and the Request for Appointment were never properly served upon State Farm. The Request for Appointment filed by Mr. Lyster supplied

---

[3] A true and correct copy of search results performed at www.usps.com tracking the certified mail number on the letter invoking appraisal, 70190160000072378210, is attached hereto and incorporated herein as Exhibit B.
[4] See FN 2, *supra*

a very brief, curated list of hand-picked umpires to the district court for appointment, an act clearly designed to invoke the court's jurisdiction by seeking to enforce the Policy and influence the state court to act and seek an order ruling on the appointment from this limited list. On February 12, 2021, Nick Frederickson, one of the names supplied by Ruddell's counsel, was appointed as the umpire for appraisal of the loss.

15. Thereafter, the undersigned counsel was appointed to represent State Farm. Counsel for State Farm contacted Mr. Hurd and his associate Ms. Reagan Ewing seeking to have the Request for Appointment set aside to allow the appraisal process to move forward independently and to allow appraisers to reach an agreement on an umpire. Despite depriving State Farm of notice and due process in the *ex parte* proceeding, Mr. Lyster, Mr. Hurd, and Ruddell have not agreed nor allowed the appraisal process to move forward independent of their improper involvement.

**Appraisal Provision**

16. The Policy includes the following provision regarding appraisal:

> **b.   Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. **The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction.** The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a.   Pay its chosen appraiser; and

      b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Policy, Businessowners Coverage Form, p. 17 (CMP-4100) (emphasis added).

17. Nick Frederickson's appointment violates the terms and conditions of the Policy. Ruddell and State Farm did not reach an impasse with respect to the claim before Ruddell demanded appraisal. Ruddell did not first seek to compel State Farm to participate in appraisal under the Policy. There was no disagreement between appraisers regarding selection of an umpire upon which either appraiser could then seek appointment of an umpire by a court having jurisdiction. In fact, State Farm had not even appointed its appraiser at the time Ruddell sought the appointment of Mr. Frederickson as umpire. Ruddell's appraiser, Sam Rogers, did not seek appointment of an umpire by a judge of a court having jurisdiction. The Request for Appointment was instead made by the policyholder, Ruddell, through its attorneys, Christopher Lyster and Todd Hurd. In addition to violating the terms of the Policy governing appraisal and appointment of an umpire, the Request for Appointment and the court's order making the appointment are void *ab initio* because Ruddell failed to serve citation and the Request for Appointment upon State Farm, and in proceeding *ex parte*, Mr. Lyster and Mr. Hurd deprived State Farm of due process. Texas rules related to attorney conduct and case law discourage impermissible *ex parte* communications.[5] Neither Mr. Lyster, Mr. Hurd, nor the 158th Judicial District Court should have permitted this proceeding to occur without the presence of all interested parties.

---

[5] *See Barnes v. Whittington*, 751 S.W.2d 493, 495 n. 1 (Tex. 1995) (The Court noted that one party filed affidavits with the court and never served them, an *ex parte* communication and admonished that party stating the situation did not provide a "sufficient emergency to justify total disregard of the general rule disfavoring *ex parte* communications."). Texas Disciplinary Rules of Professional Conduct Rule 3.05, states a lawyer shall not "seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure."

**Ruddell's Refusal to Comply with Appraisal Provision**

18.     On April 15, 2021, counsel for State Farm advised Ruddell's counsel that State Farm had selected Robert Stephenson as its appraiser. After Robert Stephenson was appointed as appraiser, he sought an agreement with Ruddell's appraiser on an umpire.

19.     As of the date of this Complaint, Ruddell has refused to withdraw itself from the appraisal process by allowing its Request for Appointment to be withdrawn or for Nick Frederickson to be set aside as the umpire.

20.     Ruddell breached the Policy condition regarding appraisal. The Policy's appraisal provision requires that the appointment of the umpire or request to appoint the umpire be made by the appraisers.

21.     Ruddell inserted itself into the appraisal process and destroyed any impartiality that might have existed when Ruddell's counsel, not the appraiser, suggested that the state district court select one of his hand-selected individuals as the umpire in appraisal. Ruddell lacked standing to request appointment of an umpire. In addition to lacking standing, Ruddell invoked the jurisdiction of the court when it sought to enforce the Policy by filing the Request for Appointment and seeking an appointment of one of three hand-picked umpires in an attempt to influence the decision of the state court without notice or due process afforded to State Farm. As a result of such actions, Frederickson's appointment is void *ab initio*. Further, any appraisal award agreed to and issued by Sam Rogers or Nick Frederickson is inherently biased and made in violation of the terms of the Policy.

## CAUSES OF ACTION

### Count One - Breach of Contract

22. State Farm incorporate by reference paragraphs 1 through 21 as if fully set forth herein.

23. Ruddell has breached the Policy by violating the terms of the appraisal provision. The appraisal provision expressly requires the designation of "impartial appraiser[s]" and that the appraisers, if they disagree on an umpire, may seek appointment of an umpire by a judge of a court having jurisdiction. Ruddell breached the Policy and destroyed the impartiality of appraisal by intervening in the appraisal to seek appointment of an umpire when it lacked any contractual right to do so. Further, Ruddell and its counsel have not agreed to withdraw the Request for Appointment or the appointed umpire. Ruddell's breach of the appraisal provision has damaged State Farm by depriving State Farm of its contractual right to an impartial appraisal process. Any appraisal award issued will be biased and in violation of the Policy terms and should be set aside.

### Count Two - Declaratory Relief

24. State Farm incorporate by reference paragraphs 1 through 23 as if fully set forth herein.

**A. Actual Controversy Exists**

25. Ruddell demanded appraisal of a claimed loss for wind and hail damage to the Property. State Farm contends Ruddell has destroyed the impartiality of the appraisal process by violating the terms of the Policy by seeking appointment of an umpire without standing to do so. Ruddell has waived its right to appraisal. Therefore, the parties' respective rights and obligations are consequently in dispute such that there is an actual and justiciable controversy between the

parties under 28 U.S.C. §§2201-2202 over which this court is vested with power to determine and declare.

**B. Ruddell does not have standing to seek appointment of an umpire under the Policy**

26. The appraisal provision in the Policy specifically grants the appraisers the capacity and right to select an umpire and, if they disagree, to seek appointment by a judge of a court with jurisdiction. Ruddell deprived the appraisers of this right without the capacity or standing to do so. Neither Ruddell or State Farm have the right to select or seek appointment of an umpire under the Policy. This right belongs solely to the appraisers. Therefore, Ruddell lacked standing and the February 12, 2021 Order Appointing Umpire must be declared void.

**C. Ruddell waived its right to appraisal under the Policy**

27. Ruddell acted inconsistent with the appraisal provision by seeking appointment of an umpire despite no contractual right to do so. By intentionally taking action inconsistent with the Policy and the appraisal provision, Ruddell has waived its right to appraisal under the Policy.

**D. Ruddell's counsel made an improper *ex parte* request.**

28. Ruddell's counsel invoked the jurisdiction of the Denton County District Court without any notice to State Farm, a party with an interest to be heard, and deprived State Farm of due process. In fact, Ruddell's counsel did not ask the court to use its ministerial power to appoint an umpire from the Court's own roster or experience; rather, Ruddell's counsel sought to enforce the Policy by requesting the court's judicial determination of a pick and advocated for the court to pick an umpire from a very brief list of curated, policyholder friendly umpires. When Ruddell's counsel invoked the jurisdiction of the court and advocated on behalf of Ruddell's list, Ruddell's

counsel violated the long-standing Texas law and rules governing judicial and attorney conduct concerning improper *ex parte* actions.[6]

29. Ruddell's actions did not afford due process to State Farm to challenge the standing of Ruddell in making the Request for Appointment or to advocate against the names proposed by Ruddell. As a result, this appointment is void *ab initio*.

**E. Declarations Sought**

30. State Farm requests that the Court make the following declarations with respect to the justiciable controversy between State Farm and Ruddell:

   a. Ruddell and State Farm do not have standing to seek appointment of an umpire under the appraisal provision;

   b. The February 12, 2021 Order Appointing Umpire is in violation of the terms of the Policy;

   c. Ruddell's counsel, in filing the Request for Appointment, filed an adversarial proceeding, advocating for a judicial determination thereby invoking the jurisdiction of the 158th Judicial District Court of Denton County, Texas;

   d. Ruddell was required to issue service of citation and the Request for Appointment upon State Farm;

   e. The 158th Judicial District Court did not have jurisdiction to appoint Nick Frederickson as umpire pursuant to Ruddell's Request for Appointment;

   f. The February 12, 2021 Order Appointing Umpire is void *ab initio*;

---

[6] Texas Code of Judicial Conduct specifies that "A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider *ex parte* communications . . . ."  Further, under the Texas Disciplinary Rules of Professional Conduct Rule 3.05, a lawyer shall not "except as otherwise permitted by law and not prohibited by applicable rules of practice or procedure, communicate or cause another to communicate *ex parte* with a tribunal for the purpose of influencing that entity or person concerning a pending matter . . . ."

g. Any appraisal award signed by Nick Frederickson and/or Sam Rogers is in violation of the terms of the Policy and is unenforceable;

h. Any appraisal award signed by Nick Frederickson and/or Sam Rogers is the result of bias and is unenforceable; and

i. Ruddell waived its right to appraisal by seeking the appointment of an umpire by a court having jurisdiction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, State Farm prays that the Court grant State Farm's request for declaratory relief and for all costs, fees, and expenses incurred in the prosecution of this matter. In addition, State Farm prays for all pre-judgment and post judgment interest as may be allowed by law, costs of court and any such further relief to which State Farm may show itself to be justly entitled at law or equity.

Respectfully submitted,

*/s/ Jerrod L. Rinehart*
Jerrod L. Rinehart
Attorney-in-Charge
SBN: 24060494
jrinehart@belaw.com
J. Andrew Norman
State Bar No. 24065826
anorman@belaw.com

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
817 - 338-1700
817 - 870-2265

**ATTORNEYS FOR STATE FARM LLOYDS**